

May 5, 2022

**To via ECF and E-Mail**:
Hon. Lorna J. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Defendants' application to stay discovery is **DENIED**. The Court generally does not stay discovery pending a decision on a motion to dismiss. A civil case management plan and scheduling order will issue separately. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 18.
>
> Dated: May 10, 2022
> New York, New York
>
> 
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   Lateral Recovery LLC, et al. Cap Call, LLC,
Docket No.: 22-cv-02314
<u>Defendants' Letter Motion To Stay Discovery</u>

Dear Judge Schofield,

My office, Murray Legal, PLLC, represents the Defendants, Cap Call LLC, Yes Funding Services, LLC, and Evan Marmott ("Defendants"). In accordance with the Court's Individual Rules, I write to request that the Court stay discovery pending the decision on Defendants' pre-answer motion to dismiss, which the Court has already authorized and is scheduled to be filed on or before May 20, 2022. Plaintiffs have not consented to Defendants' request.

A discovery stay may be entered "where resolution of a preliminary motion may dispose of an entire action. *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 527 (S.D.N.Y. 2013). "Counts consider: '(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). "In considering the strength of the motion to dismiss, the court applies the standard whether it presents 'substantial grounds for dismissal,' or the alternative formulation *** whether Defendant has made a 'strong showing that [the party moving for the stay] is likely to succeed on the merits.' *Id*. Respectfully, discovery will be an exercise in wasting tens of thousands, if not hundreds of thousands, of dollars in attorneys' fees and costs because Defendants' motion to dismiss is likely to result in the dismissal of the entire action.

Plaintiffs seek to use discovery to conduct wide ranging and intrusive investigation into matters that are irrelevant to the transactions at issue and the plaintiffs under the pre-text of litigating RICO claims. The discovery would involve intrusive investigation into individual non-parties, as well as the parties' private finances. The attorneys for the parties have each litigated such matters before and are fully aware that this will result in burdensome discovery demands and exchanges, as well as protracted discovery disputes. I specifically pointed out to Plaintiffs'

170 Old Country Road
Suite 608
Mineola, New York 11501

Office: 516-260-7367

cmurray@murraylegalpllc.com
www.murraylegalpllc.com



attorneys, Messrs. Heskin and Wells, via e-mail that pre-motion to dismiss discovery was likely to be incredibly expensive and burdensome to the parties, and they did not dispute that point.

A stay of discovery does not prejudice Plaintiffs. No active injury is being alleged by Plaintiffs. Any delay will not result in a loss of evidence, nor will it increase difficulties of discovery, and delay alone does not constitute prejudice. *Cf. Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Moreover, as the case is in its infancy (e.g., the pre-answer motion to dismiss phase), the Court should find there is no prejudice to Plaintiffs. *See e.g.*, *Giminez v. L. Offs. of Hoffman & Hoffman*, 2012 WL 2861014 (E.D.N.Y. July 11, 2012). Moreover, when I conferred with Plaintiffs' counsel via e-mail, I pointed out that Plaintiffs would not be prejudiced and would "lose nothing by agreeing to stay discovery pending the outcome of the motion." Plaintiffs' counsel did not dispute that point, but he refused to agree to a stay of discovery because he believes Plaintiffs' claims may survive a motion to dismiss. Moreover, any delay from a stay pending the outcome of the motion would be *de minimis* compared to the multi-year delay between the transactions at issue and Plaintiffs' commencement of this action.

Defendants' anticipated motion to dismiss is likely to prevail against the Complaint. First, Defendants' argument for dismissal is so meritorious that Plaintiffs voluntarily withdrew their usury claim in their pre-motion letter. ECF Doc. 16, p.1, footnote 1. Second, Defendants' argument for dismissal of the Plaintiffs' fraud claim is meritorious for the reasons outlined in Defendants' pre-motion letter. ECF Doc. 13, p.2. Neither Plaintiffs' Complaint, nor their pre-motion letter identifies any material misrepresentations of fact. At best, Plaintiffs complain that they agreed to pay Cap Call and Yes Funding underwriting and ACH fees and they believe Cap Call and Yes made a profit on those negotiated fees. ECF Doc. 13, p.2; ECF Doc. 16, p.2. Such allegations are not actionable and not based upon any material misrepresentations of fact.

Additionally, Plaintiffs' RICO and RICO conspiracy claims are similarly meritless: 1) the Agreements were not usurious loans and, as such, Plaintiffs' theory for collecting unlawful debt must fail; 2) Plaintiffs fail to plead with particularity as to any theory for wire fraud or other racketeering activity; and 3) Plaintiffs failed to plead a RICO enterprise distinct from the RICO persons or continuity. In response, Plaintiffs rely upon a trial court decision in *NRO Boston, LLC v. CapCall, LLC*, 2020 N.Y. Misc. LEXIS 4064 (Sup. Ct. Westchester Cty. 2020), in which the Court first dismissed several claims filed against CapCall on a variety of grounds, and then declined to address any of the arguments for or against dismissal of RICO claims because they were complicated and fact-intensive. The Court was not asked to consider whether the transactions were usurious loans on that motion and it did consider that point. With regard to *In re Shoot the Moon, LLC*, 635 B.R. 797 (Bankr. Mont. 2021), there is no RICO analysis, it was decided under Montana law, and the court did not consider the three-factor test utilized by New York courts to hold that a purchase and sale of future receivables transaction is not a usurious loan under New York's usury laws. *Womack v. Capital Stack, LLC*, 2019 WL 4142740 (S.D.N.Y. Aug. 30, 2019);





*Champion Auto Sales, LLC v. Pearl Beta Funding, LLC*, 69 N.Y.S.3d 798 (1st Dept. 2018); *Kennard Law P.C. v. High Speed Capital, LLC*, 2020 N.Y. Misc. LEXIS 10407 (Sup. Ct. Erie Cty. Dec. 10, 2020) *aff'd* 154 N.Y.S.3d 522 (4th Dept. 2021); *Principis Capital, LLC, v. I Do, Inc.*, 2022 N.Y. Slip. Op. 00203 (2d Dept. 2022).

Moreover, Defendants have articulated a meritorious basis for dismissal of Lateral Recovery's claims pursuant to N.Y. Jud. Law § 489(1). While Plaintiffs' pre-motion letter asserts that Lateral Recovery's claims may survive, they do so by citing older case law that is based upon distinguishable facts, and ignore that their argument is defeated by a sworn statement by Lateral Recovery's own principal. Moreover, Plaintiffs' own actions confirm that they recognize their arguments against dismissal are meritless.[1]

Finally, when presented with many of the same arguments for dismissal and Plaintiffs' substantially similar claims, two separate judges have already held that a stay of discovery pending the outcome of the pre-answer motions to dismiss is warranted. *See Lateral Recovery, LLC, et al. v. Queen Funding, LLC, et al.*, S.D.N.Y., 22-cv-09607-LGS (ECF Doc. 32); *Lateral Recovery, LLC, et al v. Capital Merchant Services, LLC, et al*, S.D.N.Y. 21-cv-09336-LJL (Minute Entry dated 2/10/22). Defendants respectfully submit that there is no reason to depart from those earlier rulings.

For the foregoing reasons, Defendants request that the Court enter an Order staying discovery pending the decision on Defendants' pre-answer motion to dismiss. Thank you kindly for the Court's attention to this matter. If the Court has any questions, comments, or concerns, please feel free to contact the undersigned.

Sincerely,
/s/ Christopher R. Murray
Christopher R. Murray, Esq.

CC via ECF:
Shane Heskin (heskins@whiteandwilliams.com)

---

[1] Starting on April 26, 2022, a day before Plaintiffs' counsel filed their pre-motion letter in this case, Plaintiffs stopped naming Lateral Recovery as a co-Plaintiff in usury/RICO cases allegedly assigned by the other Plaintiffs. *See FTE Networks, Inc. v. Adar Bays, LLC, et al* (S.D.N.Y.) – 22-cv-03396-CM (filed April 26, 2022); and *FTE Networks, Inc. v. Cerberus Finance Group, Ltd., et al.* – (S.D.N.Y.) – 22-cv-03511-PAE (filed April 29, 2022). If they actually believed their assignment was not void, their attorney would not be filing new RICO actions arising from FTE Networks that exclude Lateral Recovery as a co-Plaintiff.

 170 Old Country Road Suite 608 Mineola, New York 11501    Office: 516-260-7367     cmurray@murraylegalpllc.com  www.murraylegalpllc.com